UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD ANTOWYNE MCKENZIE III,

    Plaintiff,

    v.

INDIANA STATE OF, et al.,

    Defendants.

Case No. 3:24-CV-76-CCB-MGG

## OPINION AND ORDER

On June 30, 2025, Plaintiff, proceeding pro se, filed a motion titled "Plaintiff's Emergency Affidavit for Reconsideration Response to Cristal C. Brisco 26304-45 Court's Order Dismissing Case Demand for Maximum Relief Due to Fraud Upon the Court, Judicial Misconduct, and Constitutional Violations." (ECF 11). Plaintiff seeks reconsideration of this Court's order dated July 9, 2024, denying his motion to proceed *in forma pauperis*. (ECF 7). He is also seeking declaratory judgment, monetary damages for 15 million dollars, injunctive relief "expunging Plaintiff's record and barring further prosecution," and a DOJ investigation. (ECF 11 at 9). Plaintiff argues that "dismissal under 28 U.S.C. § 1915(e)(2)(B) was erroneous, as the complaint did in fact state a valid claim under 42 U.S.C. § 1983 and exposed fraud upon the court, perjury, and racial discrimination by state actors that [the Court] must act upon immediately." (*Id.* at 2) (emphasis removed). Plaintiff also alleges that the dismissal violates "Indiana's

exhaustion doctrine," "due process and the Maxims of Law, which govern equitable judicial review." (*Id.* at 2, 3).

Plaintiff does not invoke any proper authority for his motion to reconsider but because "it challenges the merits of the district court's decision … it must fall under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure." *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). The Supreme Court has said that documents filed pro se are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court will thus analyze the motion under both potential avenues for a motion to reconsider, Rule 59(e) and 60(b).

Motions for reconsideration are disfavored but can serve limited valuable functions to correct manifest errors of law or fact; consider newly discovered evidence; or address errors of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.* 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation omitted). "It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (internal quotation omitted). As such, motions for reconsideration are not to be used to advance arguments that the Court has addressed and decided. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996).* "Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Lock Realty*

2

*Corp. IX v. U.S. Health, LP*, No. 3:06-CV-487RM, 2010 WL 148296, at *1 (N.D. Ind. Jan. 13, 2010). "The opportunity to present a motion to reconsider should not be viewed as a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed." *Indiana v. Helman*, No. 1:08CR48-TS, 2008 WL 2557246, at *1 (N.D. Ind. June 23, 2008) (internal quotation omitted).

I. **RULE 59(E)**

Fed. R. Civ. P. 59 governs motions for new trials and motions to alter or amend a judgment. No trial has been held in this case, but a judgment was entered on July 10, 2024 dismissing the case. (ECF 8). Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59. Plaintiff filed his motion to reconsider on June 30, 2025, almost a year after the entry of judgment and almost 11 months past the deadline. (ECF 11).

Plaintiff claims he never received the Court's July 9, 2024 order denying his motion to proceed *in forma pauperis*. (ECF 11 at 2). The Court, however, mailed a copy of the order denying the motion to proceed *in forma pauperis* and a copy of the judgment dismissing the case on July 10, 2024 (ECF 8) and August 2, 2024 (ECF 9) to the address provided by Plaintiff. On both occasions, the mail was returned as undeliverable. "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y. 2006) (quotation marks and citation omitted). "[L]itigants, including prisoners, bear the burden of filing notice of a change of address . . . ." *Snyder v. Nolen*,

3

380 F.3d 279, 285 (7th Cir. 2004) (quotation mark omitted). Regardless, Plaintiff should have been tracking the status of his case and his failure to do so does not excuse the untimely filing of his Rule 59(e) motion. Fed. R. Civ. P. 6(b)(2) forbids a court from extending the time to act under Rule 59(e). Therefore, Plaintiff's motion for reconsideration must be DENIED as untimely under Rule 59(e).

## II.     RULE 60(B)

Even if Plaintiff were to bring his motion under Fed. R. Civ. P. 60(b), which allows a court to relieve a party from a final judgment, order, or proceeding, his motion to reconsider would still be denied. A motion for reconsideration can provide relief from a final judgment under specific circumstances, such as mistake, newly discovered evidence, or fraud by an opposing party. Fed. R. Civ. P. 60(b). This relief, however, "is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. 8136 S. Dobson St., Chicago, Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997). The decision to grant or deny relief under Rule 60(b) is discretionary. *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). Further, Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b) — they cannot be general pleas for relief." *Deutsch*, 981 F.2d at 301.

Plaintiff argues that the Court's dismissal is clearly "erroneous" and "contains fundamental legal errors that misapply federal law and ignore binding precedent," but points to no manifest error of law that necessitates reconsideration of the July 9 denial of his motion to proceed *in forma pauperis*. (ECF 11 at 2). Likewise, Plaintiff cannot show

that the Court's dismissal of his case for failure to state a claim was based on misapplication of controlling precedent. Plaintiff seems to think that Indiana law binds the Court here when he states the Court "deliberately cited *Adkins v. E.I. DuPont* (a federal poverty standard) but ignored Indiana's higher constitutional protection for claims of injury" and "[i]f you do not correct this error you will be in violation the Indiana Constitution definitely [*sic*]." (ECF 11 at 3, 4). However, the Court properly applied federal statute 28 U.S.C. § 1915(e)(2)(B) in determining that because the "relief that Mr. McKenzie seeks is not available to him under § 1983, he fails to state a claim." (ECF 7 at 2).

The "catchall" provision of Rule 60(b)(6) allows the Court to reconsider the judgment "for any reason justifying relief." Fed. R. Civ. P. 60(b)(6). Relief under that provision is appropriate only if "the grounds asserted for relief do not fit under any other subsections of Rule 60(b)." *Margoles v. Johns,* 798 F.2d 1069, 1073 n. 6 (7th Cir. 1986). Moreover, relief under the "catchall" provision is warranted only upon a showing of "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Id.* at 1073. Plaintiff does not present "extraordinary circumstances" necessary to warrant relief from the Court's judgment denying his motion to proceed *in forma pauperis* and dismissing the case. Rather, Plaintiff's arguments amount to a generalized statement that the circumstances of the case justified relief generally, which is not enough. *Deutsch,* 981 F.2d at 301. Plaintiff also largely restates arguments previously dismissed by the Court. As mentioned above, motions for reconsideration are not new opportunities to raise arguments that the Court

has addressed and decided. *Caisse,* 90 F.3d at 1270. Thus, Plaintiff has not met his burden under Rule 60(b) and his motion to reconsider is DENIED.

### III.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's motion to reconsider. (ECF 11).

SO ORDERED on July 14, 2025.

                                     /s/*Cristal C. Brisco*
                                     CRISTAL C. BRISCO, JUDGE
                                     UNITED STATES DISTRICT COURT